PETER C. JONES & another *vs.* BENJAMIN W. THAYER.

A guaranty of a note described therein by the name of its maker, its date, amount and day of payment, and which is shown to the guarantor and a commission paid to him at the time of his signing the guaranty, binds him to pay the note upon nonpayment thereof by the maker after the usual demand and notice, although the note is made payable to the maker's own order, and never indorsed by him, and the want of such indorsement is not known to either party until after the day of payment named therein.

ACTION OF CONTRACT upon this guaranty, signed by the defendant: " For value received I hereby guaranty to Messrs. Jones & Wheelwright the prompt payment of W. W. Messer's note dated March 20th 1852 and payable in eight months from date for five hundred and seventy and $\frac{65}{100}$ dollars." The case was submitted to the decision of the court upon the following facts :

The plaintiffs received from Messer, in payment for merchandise, a promissory note, corresponding to the description in the guaranty, payable to his own order, but not indorsed. The defendant, at the time of signing the guaranty, was shown this note, and was paid a commission for his guaranty. Neither party then knew that the note was not indorsed. In May 1852 Messer went to California, and has never since resided in Massachusetts. His note was left at a bank in Boston for collection, and the usual demand and protest for nonpayment were made, and notice thereof given to the defendant, who, on going to the bank, for the first time found out that the note was not indorsed, and refused to pay it.

*J. W. May,* for the plaintiffs.

*C. A. Welch,* for the defendant.

This case was decided in February 1860.

DEWEY, J.   The defendant resists the claim of the plaintiffs upon this guaranty, on the ground that he guarantied Messer's note for $570.65, and the plaintiffs held no note against Messer. Upon the production of the instrument signed by Messer, it appears to have been in form a promissory writing by which Messer promised to pay to his own order the sum above named, and the paper in this form was delivered to the plaintiffs in payment of certain articles of merchandise, without the indorsement of Messer on the back thereof.   It is then said that such a promise to pay to one's own order requires an indorsement by the maker to give it legal effect as a note payable to a third person.   This is so, and had the question arisen upon a promise made prospectively to guaranty a note of Messer made payable to the plaintiffs, the guarantor might well object that the note produced did not correspond with the instrument that he stipulated to guaranty.

But the case before us is presented under a different aspect The guaranty was not in reference to a note to be made, or a note executed by Messer not seen by the guarantor, but to an instrument presented to the defendant as the basis of the negotiation, and as the particular paper containing the promise to be guarantied, and for which guaranty a valuable consideration was paid by the plaintiffs to the defendant.   Under these circumstances, it must be taken to be a guaranty of the particular instrument which the plaintiffs then held, and which was exhibited to the defendant.   Both parties were equally ignorant of the fact that the name of Messer was not indorsed upon the note. The paper shown to the defendant is now in the same state in which it then was, and all the rights that could attach from the relation of the parties thereto as holder or as guarantor do now exist as they were then disclosed.   If the instrument be less available to the guarantor in case he is required to pay the same than he supposed it to be, that was an error of his own for which he must be responsible.   The defendant having, upon the presentation of this instrument by the other party, treated it as a note, and having taken his commission for guarantieing it as such, must be bound by it, so far as concerns this objection

The case of *Veazie* v. *Willis*, 6 Gray, 90, was in many of its features like this. There, as here, the real state of the note was misunderstood by both parties to the guaranty. The names of the maker and one of the indorsers were forgeries, but that fact was unknown to the parties when the guaranty was procured. In that case the defect was not one apparent upon the paper, as the present was, and to that extent it was a stronger case for the defendant.

Whether the putting into circulation of this paper by the maker, Messer, by delivery to a third party in payment for merchandise, although without his indorsement, would give it the effect of a note payable to bearer, and which as such might be enforced by a holder for value, we have not found it necessary to decide.

There is nothing in the case to sustain any valid defence by reason of a want of demand and notice of nonpayment of the note by Messer. *Judgment for the plaintiffs.*